IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TROY JOHNSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv−01790−NJR |
| ILLINOIS DEPT. OF CORRECTIONS, MENARD CORRECTIONAL CENTER, and JOHN DOE, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Troy Johnson, a former inmate at Menard Correctional Center, filed this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the Complaint, Plaintiff remained incarcerated for seven months beyond his release date because of a miscalculation of his sentence by an unknown officer in Menard's Records Office. Plaintiff seeks monetary damages for his excessive confinement against the Illinois Department of Corrections ("IDOC"), Menard Correctional Center ("Menard"), and unknown officer ("John Doe").

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). (Doc. 2). As a parolee,[1] he does not meet the statutory definition of "prisoner"[2] for purposes of the IFP statute. 28 U.S.C. 1915(h). A federal district court may nevertheless allow a

---

[1] The Court obtained this information from the Illinois Department of Corrections' website at: https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx. *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[2] Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

civil case to proceed without prepayment of fees, if the applicant demonstrates he is indigent within the meaning of 28 U.S.C. § 1915(a)(1).

Section 1915(e)(2) requires careful threshold scrutiny of the Complaint filed by an IFP plaintiff. 28 U.S.C. § 1915(e)(2)(B). A court must deny an otherwise qualified plaintiff leave to file IFP or dismiss a case, if the action is clearly frivolous or malicious, fails to state a claim for relief, or seeks money damages against an immune defendant. *Id.*; *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff alleges that he was subjected to seven months of excessive incarceration at Menard due to an error in the calculation of his sentences in Case Nos. 14-cr-12283 and 16-cr-74702. (Doc. 1, p. 7). In Case No. 14-cr-12283, he received a 3-year sentence with credit for 492 days of time already served. *Id.* In Case No. 16-cr-74702, he received a consecutive 4-year sentence with 234 days of credit for time served. *Id.* According to Plaintiff, however, Menard's Records Office used the wrong starting date for his sentence, *i.e.*, March 21, 2015, instead of June 25, 2014. *Id.* The Records Office also failed to apply 234 days of credit Plaintiff was awarded. *Id.* He filed "dozens" of grievances to correct these errors to no avail. *Id.* Plaintiff seeks monetary damages against John Doe (Unknown Records Officer), Menard, and the IDOC.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into a single count:

> **Count 1:** Eighth Amendment claim for excessive incarceration against the defendants.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

Incarcerating an individual beyond the termination of his sentence without penological justification violates the Eighth Amendment.[4] *Turner v. Godinez*, 693 F. App'x 449, 453-54 (7th Cir. 2017); *Figgs v. Dawson*, 829 F.3d 895, 902-03 (7th Cir. 2016); *Armato v. Grounds*, 766 F.3d 713, 719-20 (7th Cir. 2014); *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). To state a claim for excessive confinement, a plaintiff must demonstrate that: (1) the defendants held him beyond the term of his incarceration without penological justification; and (2) the prolonged detention was the result of the defendant's deliberate indifference. *Armato*, 766 F.3d at 721; *Campbell*, 256 F.3d at 700. Deliberate indifference occurs when a defendant ignores a known risk of prolonged confinement. *Id*. Construed liberally in favor of this *pro se* plaintiff, the allegations suggest that he *may* have been held beyond his term of incarceration.

---

[3] *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[4] The Seventh Circuit Court of Appeals has previously suggested that a claim may also arise under the Due Process Clause. *See Bey v. Schwartz*, No. 12-1373, Doc. 00711806143 (7th Cir. May 29, 2012). The Seventh Circuit has more recently indicated, however, that this type of claim is best analyzed under the Eighth Amendment. *See Childress v. Walker*, 787 F.3d 433, 438-39 (7th Cir. 2015).

Nevertheless, the claim cannot proceed against the Illinois Department of Corrections or Menard Correctional Center because they are not "persons" subject to a Section 1983 suit for money damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit under Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Both of these defendants shall be dismissed with prejudice.

The claim also cannot proceed against John Doe (Records Officer C/O). This individual is named in the case caption and list of defendants but nowhere else. Merely invoking the name of a potential defendant in the caption of a Complaint is not sufficient to state a claim against that individual under Section 1983. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The doctrine of *respondeat superior* is inapplicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). This means that Plaintiff cannot state a claim against John Doe simply because he may have supervised the individuals who violated Plaintiff's constitutional rights. Instead, Plaintiff must set forth allegations which suggest that each defendant was "personally responsible for the deprivation of a constitutional right." *Id.* He has not done so. The allegations do not indicate what role John Doe played in Plaintiff's excessive confinement. This defendant shall therefore be dismissed without prejudice.

The Complaint fails to state a claim upon which relief may be granted. Denial of the IFP Motion and dismissal of the Complaint are thus warranted under Section 1915(e)(2). Plaintiff shall have an opportunity to file another IFP Motion and a First Amended Complaint, however, if he wishes to proceed with this action. He is bound by the deadline and instructions in the below disposition.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. The motion is unsigned and incomplete. *See* FED. R. CIV. P. 11(a). Plaintiff must resubmit a signed motion, if he would like to renew his request for counsel. In addition, he must demonstrate reasonable efforts to locate counsel before seeking the Court's assistance. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). He should attach responses to his requests for counsel as exhibits to the motion. Even then, counsel will only be recruited, if "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). The Court will consider factors that include Plaintiff's education level, health issues, language barriers, and litigation experience, all of which he excluded from his initial motion. *Id*.

**Disposition**

**IT IS HEREBY ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED** and the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**IT IS ORDERED** that Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS** and **MENARD CORRECTIONAL CENTER** are **DISMISSED with prejudice**, and Defendant **JOHN DOE (Records Office C/O)** is **DISMISSED without prejudice** because the Complaint fails to state a claim upon which relief may be granted against them.

**IT IS ORDERED** that, should he wish to proceed with this case, Plaintiff must: (1) file a Renewed/Second Motion for Leave to Proceed *in forma pauperis* or prepay the full $400.00 filing fee for this action no later than **January 4, 2019**; and (2) file a First Amended Complaint by the

same deadline of **January 4, 2019**. Failure to comply with this deadline or the instructions in this Order shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.,* 18-cv-01790-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. If Plaintiff does not know the names of the individual(s), he can refer to each generically (*e.g.*, John Doe 1 (Menard Correctional Center Records Officer 2016)). But he must identify the individual as a defendant in the case caption *and* in the body of the Amended Complaint. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his amended complaint. Claims against different defendants that are unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees may be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review under 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[5] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his Renewed/Second Motion for Leave to Proceed *in forma pauperis* and First Amended Complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank IFP motion and civil rights complaint form, as well as a motion for recruitment of counsel.

**IT IS SO ORDERED.**

**DATED: December 7, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[5] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees—District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.